Opinion issued
July 7, 2011



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00383-CR

———————————

BRAD JOSEPH FENN, Appellant

V.

THE
STATE OF TEXAS, Appellee



 



 

On Appeal from the County
Court at Law No. 2

Fort Bend County, Texas



Trial Court Case No. 130635

 



 

 

 

 

 

 

MEMORANDUM  OPINION

          A
jury found appellant, Brad Joseph Fenn, guilty of driving while intoxicated.[1]  The trial court sentenced appellant to 45
days in jail and assessed a $2,000 fine. 
In one issue, appellant contends that the trial court erred by
overruling his objection to a remark made by the State during closing
argument.  

          We
affirm.

Background[2]

          While
on patrol, Officer L. Stockholm of the Sugarland Police Department observed
appellant driving his truck faster than the other traffic on Highway 59.  Using her in-car radar, Officer Stockholm
determined that appellant was traveling 91-miles-per hour in a 65-mile-per hour
zone.  She also saw appellant’s truck
weaving inside and outside of his lane. 
Officer Stockholm activated her emergency lights to pull appellant
over.  Appellant put his blinker on and
pulled over to the side of the freeway. 
The on-board video camera in Officer Stockholm’s patrol car recorded the
stop.

          Officer
Stockholm approached the passenger side of appellant’s truck.  She asked appellant for his driver’s license
and his insurance information.  Appellant
took out his wallet and began fumbling through it.  Officer Stockholm noticed that appellant could
not properly pull the cards from his wallet and appeared to have difficulty
with his fine motor skills.  Appellant eventually
gave Officer Stockholm the requested information.  

          Officer
Stockholm also noticed that appellant’s speech was slurred and his eyes were
glassy and bloodshot.  Officer Stockholm
asked appellant if he had been drinking alcohol that night, and he responded
that he had not.  

          Officer
J. Burns of the Sugarland Police Department arrived to assist Officer Stockholm
in the stop.  Officer Stockholm told Officer
Burns that she had not noticed an odor of alcohol when speaking with appellant
but explained to Officer Burns that she had been speaking to appellant from the
passenger side window of appellant’s truck. 


          Officer
Burns approached the truck on the driver’s side and spoke to appellant through
the open window.  Officer Burns asked
appellant to get out of the vehicle.  The
officer patted appellant down for weapons and noticed that appellant was
somewhat unsteady on his feet.  When
Officer Burns asked him if he had been drinking, appellant replied that he had
drunk one or one-and-one-half beers.  

          Officer
Stockholm administered field sobriety tests to appellant, including the
walk-and-turn and one-leg stand tests.  The
officer observed that appellant exhibited six out of eight clues of
intoxication on the walk-and-turn test and three out of four clues on the
one-leg-stand test.  At that point, Officer
Stockholm arrested appellant for driving while intoxicated.  Appellant refused to take a breathalyzer
test.  

Appellant was charged with
the offense of driving while intoxicated. 
In his opening statement at trial, appellant stated that the evidence
would show that he suffers from a medical condition called femoral anteversion.  He told the jury that because of this
condition, “he sticks his feet out.” 
Appellant explained that he could not properly perform the field
sobriety tests because of this condition. 


Officer Stockholm testified
that when she instructed appellant to put his feet together for the
one-leg-stand test, she noticed that appellant’s “toes were sticking out.”  Officer Stockholm testified that when she told
appellant to put his feet together, appellant “mumbled something about ‘those
are my feet,’ but he never explained anything further.”  She stated that appellant’s speech was quite
slurred.  Officer Stockholm confirmed
that appellant never mentioned that he had a medical condition that prevented
him from placing his feet together as he had been instructed.  No other evidence was admitted that expressly
showed that appellant suffered from femoral anteversion.  

          In
addition to Officers Stockholm’s and Burns’s testimony, the videotape showing
the stop of appellant’s vehicle, the officers’ interaction with appellant,
appellant’s performance of the field sobriety tests, appellant’s arrest, and
his refusal to take the breathalyzer test was admitted into evidence.  Appellant did not testify at trial. 

          During
closing argument, appellant again asserted that he suffered from a medical
condition affecting his feet.  In its
closing statement, the State argued that the totality of the evidence,
including appellant’s speeding and weaving on the freeway, his slurred speech,
the odor of alcohol noted by Officer Burns, his poor performance of the field
sobriety tests, and his refusal to take the breathalyzer test, indicated that
he was driving while intoxicated.  The
State also pointed out that appellant had not offered any evidence that confirmed
that he suffered from femoral anteversion. 


          In
responding to the defense’s argument that the jury should not find an innocent
man guilty, the State made the following argument: 

I’m just as concerned you are going to find a person who
is guilty of DWI not guilty.  I’m just as
concerned of that.  I don’t want it to be
an indictment of Officer Stockholm.  I
want the video to suggest that what Officer Stockholm—and I think it does—that what the two of them [the officers] did out
there on the road was gather all the evidence they needed to convict a guy who
was wasted, but that had it within him to as soon as he knew he had been pulled
over by the cops to slow up, stay within himself, try not to say too much.  

 

At that point, the defense stated, “Objection, your
Honor.  It’s a comment on the Defendant’s
failure to make a statement at the scene, his Fifth Amendment right.”  The State responded, “I’m not talking about
trial, Judge.  I’m talking about at the scene
on the video.  It’s not a comment on the
Fifth Amendment.”  The trial court
overruled appellant’s objection.  

          The
jury found appellant guilty of the offense of driving while intoxicated.  Appellant and the State reached an agreement
as to the sentence, and the trial court assessed punishment at 45 days in jail
and a $2,000 fine.  This appeal
followed.

          In one issue,
appellant asserts that the trial court erred by overruling his objection to the
prosecutor’s closing statement “referring to Appellant’s exercise of his right
against self-incrimination,” which violated “Appellant’s rights under Article
I, Section 10 of the Texas Constitution, the Fifth Amendment of the U.S.
Constitution, and Art. 38.08 [of the Texas Code of Criminal Procedure].”  See U.S. Const. amend V; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2005).

Preservation of Statutory and State Constitutional Challenges

To preserve error for appellate
review, an appellant must make a timely, specific objection and obtain an
adverse ruling.  See Tex. R. App. P.
33.1(a); Simpson v. State, 119 S.W.3d
262, 268 (Tex. Crim. App. 2003).  Except
for complaints involving systemic (or absolute) requirements, or rights that
are waivable only, none of which are involved here, all other complaints,
whether constitutional, statutory, or otherwise, are forfeited by failure to
comply with Rule of Appellate Procedure 33.1(a).  See
Mendez v. State, 138 S.W.3d 334, 338 (Tex. Crim. App. 2004).  Moreover, an appellant’s complaint on appeal
must comport with the objection made at trial; otherwise, the appellant has
preserved nothing for review.  See Tex.
R. App. P. 33.1(a); Turner v.
State, 87 S.W.3d 111, 117 (Tex. Crim. App. 2002) (holding appellant failed to preserve error concerning prosecutor’s
closing argument when appellate complaint did not comport with objection made
at trial).

To avoid forfeiture of a complaint
on appeal, the complaining party must inform the trial court of what relief he seeks
and why he believes he is entitled to it, and he must make his point clearly
enough that the trial court can understand him when it is in the proper
position to address the complaint.  See Clarke v. State, 270 S.W.3d 573, 580
(Tex. Crim. App. 2008).  An appellant
fails to preserve a state constitutional complaint for our review when his
objection invokes only federal Fifth Amendment right to silence protection.  See
Heidelberg v. State, 144 S.W.3d 535, 542–43 (Tex. Crim. App. 2004) (holding that objection
based on Fifth Amendment was not sufficient to preserve complaint on appeal
that rights to post-arrest silence under Texas Constitution had been violated).  

Here, appellant objected to the
State’s closing argument based only Fifth Amendment grounds; he did not object,
as he does now, that the remarks also violated his state constitutional and
statutory right to remain silent.  Thus, appellant
preserved his complaint only as it relates to his Fifth Amendment right.  

Fifth Amendment Right to Remain Silent 

Appellant contends that, when the
prosecutor argued to the jury that appellant “[tried] not to say too much”
after he was stopped, it is apparent from the record that the prosecutor was commenting
on appellant’s post-arrest and pre-arrest silence.  When the State comments on a defendant’s
post-arrest silence, it violates the Fifth Amendment prohibition against
self-incrimination.  Doyle v. Ohio, 426 U.S. 610, 617–618, 96 S. Ct. 2240, 2244–45 (1976).  Commenting on a defendant’s post-arrest
silence is akin to commenting on his failure to testify at trial because it
attempts to raise an inference of guilt arising from the invocation of a
constitutional right.  Dinkins v. State, 894 S.W.2d 330, 356
(Tex. Crim. App. 1995).  

The issue of whether a defendant
has similar Fifth Amendment protection for his pre-arrest silence has not been decided
by the United States Supreme Court or the Texas Court of Criminal Appeals.[3]  See Salinas
v. State, No. 14–09–00395–CR, 2011 WL 903984, at *6 (Tex. App.—Houston
[14th Dist.] Mar. 17, 2011, no pet.) (discussing lack of governing authority on
issue).  The Fourteenth Court of Appeals
in Salinas recently noted that the
federal circuit courts of appeal are split on the issue.  Id.  “The First, Sixth, Seventh, and Tenth
Circuits have held that pre-arrest, pre-Miranda
silence is not admissible as substantive evidence of guilt.”  Id.
(citations omitted).  “The Fifth, Ninth,
and Eleventh Circuits, on the other hand, have held that pre-arrest, pre-Miranda silence is admissible as
substantive evidence of guilt.”  Id. (citations omitted).  In Salinas,
the court “agree[d] with the Fifth, Ninth, and Eleventh Circuits” and held that
“the Fifth Amendment has no applicability to pre-arrest, pre-Miranda silence used as substantive
evidence in cases in which the defendant does not testify.”  Id. at
*7.

To resolve this appeal, however, we
need not decide whether the Fifth Amendment protection against
self-incrimination applies to pre-arrest silence.  Even assuming the prosecutor’s comment was an
improper comment on appellant’s pre-arrest and post-arrest silence, any error in
the trial court’s overruling of appellant’s objection was harmless.  

We apply a rule 44.2(a)
constitutional harm analysis to comments on a defendant’s invocation of his
right to remain silent and do not reverse unless we determine beyond a
reasonable doubt that the error contributed to the appellant’s conviction or
punishment.  See Tex. R. App. P.
44.2(a); Williams v. State, 958
S.W.2d 186, 194 (Tex. Crim. App. 1997).  Our
primary inquiry is what effect the error had, or reasonably may have had, on
the jury’s decision.  Lair v. State, 265 S.W.3d 580, 590 (Tex.
App.—Houston [14th Dist.] 2008, pet. ref’d).

We consider (1) the source and
nature of the error, (2) the extent that it was emphasized by the State, (3)
the error’s probable collateral implications, (4) the weight a juror would
probably place on the error, and (5) whether declaring it harmless would likely
encourage the State to repeat it with impunity. 
Harris v. State, 790 S.W.2d
568, 587 (Tex. Crim. App. 1989); Lair,
265 S.W.3d at 590–91.
 This requires us to evaluate the entire
record in a neutral, impartial, and even-handed manner, not in the light most
favorable to the prosecution.  Harris, 790 S.W.2d at 586; Lair, 265 S.W.3d at 591.

Here, the prosecutor’s complained-of
comment that appellant “[tried] not to say too much” after he was stopped
implicated appellant’s pre-arrest silence. 
Read in context, this somewhat oblique comment implied that appellant
had the presence of mind not to say too much to the officers for the purpose of
hiding his intoxication.  

The comment was only a minor
portion of the prosecutor’s closing argument and was not repeated, mentioned,
or emphasized.  Instead, the prosecutor
focused on the evidence supporting a finding that appellant was guilty of driving
while intoxicated.  Specifically, the
evidence showed that appellant was weaving within and outside his lane while
speeding down the freeway at 91-miles-per hour. 
Officer Stockholm’s testimony indicated that appellant had difficulty
removing his driver’s license and insurance card from his wallet, indicating a
loss of fine motor control.  She stated
that appellant’s speech was slurred and his eyes were bloodshot and
glassy.  Officer Stockholm also described
appellant’s performance on the field sobriety. 
Officer Stockholm testified that appellant’s performance on the tests
indicated to her that appellant was intoxicated.  

Officer Burton testified that he
detected the odor of alcohol when speaking to appellant.  The evidence showed that appellant told
Officer Stockholm that he had not been drinking, but then told Officer Burton
that he had drunk one to one-and-one half beers.  

The trial court also admitted into
evidence the videotape taken by the camera mounted in Officer Stockholm’s
patrol car.  The video showed the stop of
appellant’s vehicle, the officers’ interaction with appellant, appellant’s
performance of the field sobriety tests, and his refusal to take the
breathalyzer test.  The video corroborated
much of the officers’ testimony.  In
addition, the video served as powerful visual evidence of appellant’s
performance of the field sobriety tests. 
Among the most obvious of appellant’s bobbles while performing the tests
is his failure to follow Officer Stockholm’s directions with regard to the
number of steps to take when performing the walk-and-turn test.  The video also shows appellant losing his
balance while performing that test and also during the one-leg-stand test.   

In his closing statement, the
prosecutor also countered the defense’s argument that appellant performed
poorly on the field sobriety tests because appellant suffers from a physical
deformity.  The prosecutor pointed out
that no express evidence was admitted to confirm such medical condition.  At the very end of his closing statement, the
prosecutor pointed to appellant’s refusal to take the breathalyzer test,
re-emphasized Officer Stockholm’s testimony, and called attention to the
videotape, all as evidence from which the jury could find appellant guilty.  Given the totality of the prosecutor’s
closing statement and the record as a whole, we conclude that a jury would not
attribute much, if any, weight to the error associated with the complained-of
comment.  Moreover, declaring the error
harmless would not likely encourage the State to repeat it with impunity.

After a careful, neutral, and
impartial review of the entire record, we conclude, beyond a reasonable doubt,
that the trial court’s overruling of appellant’s objection to the prosecutor’s complained-of
comment did not contribute to appellant’s conviction or punishment.  See Tex. R. App. P. 44.2(a).  Thus, we hold that any such error in the
trial court’s ruling was harmless.  

We overrule appellant’s sole issue.

 

 

 

Conclusion

          We
affirm the judgment of the trial court. 

 

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices
Keyes, Higley, and Baker. [4] 

Do not publish.   Tex. R. App. P. 47.2(b).











[1]           See Tex.
Penal Code Ann. § 49.04(a) (Vernon 2011).

 





[2]           The background facts are derived
primarily from the testimony of the investigating police officers.





[3]           If a defendant testifies, his
pre-arrest silence can be used to impeach him.  See Jenkins v. Anderson, 447 U.S. 231,
238–40, 100 S. Ct. 2124, 2129–30
(1980).  The use of pre-arrest silence to
impeach does not violate the Fifth Amendment because “impeachment follows the
defendant’s own decision to cast aside his cloak of silence and advances the
truth-finding function of the criminal trial.”  Id.
at 238, 100 S. Ct. at 2129.  Here,
appellant did not testify.





[4]           The Hon. Caroline Baker, Judge of the 295th
District Court of Harris County, participating by assignment.